No. 740

SUBURBAN ICE MFG. CO. v. MULVIHILL

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2749. Decided March 29, 1926

575. GOOD WILL—1. Three years considered sufficient time in which good will of business would attach to vendee.

2. After three years have elapsed, customers of vendor cannot be called his old customers; but are customers of vendee.

HAMILTON, J.

Edward Mulvihill, d. b. a. the Mulvihill Ice Co., brought suit against the Suburban Ice Co. in the Hamilton Common Pleas upon a promissory note of which the execution delivery and non-payment is admitted. The Suburban Co. claimed damages in a cross-petition for breach of contract in the sale of the assets and good will of the Mulvihill Ice Co.

The court sustained Mulvihill's motion for a directed verdict on his petition, and that the cross petition be dismissed because the evidence did not support the allegations therefor. Judgment was entered on the verdict and error was prosecuted therefrom.

In 1916, the Mulvihill Ice Co. was sold to the Suburban Co. Upon the merger Mulvihill became an officer and employe of the Suburban Co. for a period of three years whereupon he engaged in the retail ice business, as alleged by the cross-petition, and solicited trade from among his old customers prior to the sale of the Mulvihill Ice Co. to the Suburban Ice Co. It was claimed that soliciting customers over the same route is a violation of the merger contract, in which Mulvihill sold the good will of his business to the Suburban Co. The Court of Appeals held:

1. The contract of sale did not provide against Mulvihill going into a competing business.

2. Mulvihill having sold his good will, cannot solicit and entice away former customers, which would impair the good will of the business he had sold.

3. Evidence, however, that Mulvihill did not go into competition with the Suburban Ice Co. until three years after the sale, is undisputed.

4. The Suburban Co. had three years in which to attach the customers of the Mulvihill business to itself, and to make them its own.

5. After three years of service to customers, they could no longer be called old customers of the Mulvihill Ice Co.; but are customers of the Suburban Ice Co.

6. To hold otherwise would be unreasonable, in restraint of trade and contrary to public policy.

Judgment affirmed.

Attorneys—Pogue, Hoffheimer & Pogue; Oliver S. Bryant and Geo. E. Mills for Suburban Co.; Jas. R. Clark for Mulvihill; all of Cincinnati.